# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

Case No. CR-07-24-H-CCL

UNITED STATES OF AMERICA,

                    Plaintiff,

versus

DANIEL DIETZ,

                    Defendant.

*****************************************************

## TRANSCRIPT OF PROCEEDINGS

**CHANGE OF PLEA**
Courtroom
United States District Court
Paul G. Hatfield Courthouse
Helena, MT  59601
April 11, 2008

## The Honorable Charles C. Lovell, Presiding

*****************************************************

**Julie L. Sampson
Court Reporter
For The Record Reporting Services
PO Box 176
Butte, Montana  59703
(406) 498-3941**

<u>**APPEARANCE OF COUNSEL:**</u>

**For the Plaintiff:**

Ms. Paulette Stewart
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street
Helena, MT 59626
(406) 457-9352

**For the Defendant:**

Mr. Michael Donahoe
Senior Litigator
Federal Defenders of Montana
Great Northern Town Center
50 West 14th Street, Suite 300
PO Box 250
Helena, Montana  59610-0250
(406) 449-8381

**Also Present:**

Margaret Bentwood, Law Clerk
Darlene DeMato, Courtroom Clerk
Julie L. Sampson, Court Reporter

1           **PROCEEDINGS**

2

3           **(The proceedings began at 10:00 a.m.)**

4

5           THE BAILIFF:  All rise.  The United

6      States District Court in and for the District of

7      Montana is now in session, the Honorable Charles C.

8      Lovell presiding.

9           THE COURT:  Be seated, please.  Good

10     morning.

11          MR. DONAHOE:  Good morning, Your Honor.

12          MS. STEWART:  Morning.

13          THE COURT:  The first matter today is

14     Criminal Cause 07-24.  This is a Helena Division

15     case, United States of America against Daniel

16     Dietz.

17          You are Mr. Dietz; is that correct?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  The record will show your

20     presence here today; also that of your counsel,

21     Michael Donahoe; and Ms. Paulette Stewart,

22     Assistant United States Attorney, is here for the

23     United States.

24          This is the time set down for hearing

25     your Motion for Change of Plea, Mr. Dietz, and we

1     are ready to proceed.  Will you come up to the

2     podium, please, with your counsel.

3           Mr. Dietz, as I understand it here today,

4     you are tendering pleas of guilty to both counts of

5     a two-count indictment with no plea agreement.  And

6     those counts are, first of all, coercion and

7     enticement, that is a violation of Title 18, United

8     States Code Section 2422(b); and Count II is a

9     transfer of obscene materials to minors, which is a

10    violation of Title 18 of the United States Code,

11    Section 1470.

12          Now, before I can rule on your motions to

13    enter a guilty plea, it's necessary that I ask you

14    certain questions, also advise you of your rights.

15    I know Mr. Donahoe has done that already, but it's

16    necessary that I do it on the record here.  Because

17    I'm going to ask you some questions, I need your

18    answers under oath, so the clerk must first

19    administer to you the oath.

20          Raise your right hand, please.

21

22          **DANIEL DIETZ,**

23      **having been first duly sworn, testified under**

24 **oath as follows:**

25         THE DEFENDANT:  I do.

**\*\*\*\*\*\***

1          COURTROOM CLERK:  Thank you.

2          THE COURT:  Now, Mr. Dietz, is this your

3    correct name and is it spelled correctly?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  How old are you?

6          THE DEFENDANT:  Thirty-seven.

7          THE COURT:  What education have you had?

8          THE DEFENDANT:  I have a high school

9    diploma and two years of college.

10          THE COURT:  Where did you graduate from

11    high school?

12          THE DEFENDANT:  Bethel, Pennsylvania.

13          THE COURT:  Which college did you attend?

14          THE DEFENDANT:  New Tribes Bible

15    Institute in Jackson, Michigan.

16          THE COURT:  Is that a four-year college?

17          THE DEFENDANT:  Two-year college.

18          THE COURT:  Two-year college?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Did you receive a degree or a

21    diploma?

22          THE DEFENDANT:  It's a nonaccredited

23    school, so I graduated on the Dean's list.  There's

24    no diploma or degree.

25          THE COURT:  I see.  Have you ever been

1              treated for a mental illness or addiction?

2                      THE DEFENDANT:  I am undergoing a program

3              for chemical dependency, and I also have ADHD and

4              bipolar.

5                      THE COURT:  Tell me about the treatment,

6              if you will.

7                      THE DEFENDANT:  The sort of treatment,

8              actually, it was just about a three- or four-month

9              program with Boyd Andrews here in town, three days

10             a week.  And after that, I had gone to Narcotics

11             Anonymous for every day, just about, since then.

12                     THE COURT:  All right.  So you've had an

13             addiction problem.  What about the mental illness?

14                     THE DEFENDANT:  It was at Boyd Andrews,

15             actually, that it was suggested to me to go and see

16             a doctor at Lewis and Clark at the Coop Health

17             Center, and the doctor there just did some short

18             tests on me and we decided to -- she decided to put

19             me on medication for it.

20                     THE COURT:  There actually was a

21             diagnosis of bipolar?

22                     THE DEFENDANT:  Right.

23                     THE COURT:  What is the medication?

24                     THE DEFENDANT:  I believe the Lithium --

25             I take Lithium for that.

1          THE COURT:  Does that in any way affect

2     your judgment?

3          THE DEFENDANT:  No, Your Honor.  It

4     helps.

5          THE COURT:  All right.  Are you presently

6     under the influence of drugs, alcohol, medication

7     of any kind?

8          THE DEFENDANT:  The Strattera and Lithium

9     that I take for the ADHD and bipolar.

10          THE COURT:  All right.  And that doesn't

11     in any way affect your ability to discern what is

12     going on?  You're completely aware of what is

13     happening here today; is that correct?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  All right.  Now, you have

16     received a copy of the indictment.  You've had an

17     opportunity to read it over.  I take it that you

18     have discussed these charges with your attorney,

19     that you have had every opportunity to ask him

20     about the charges, also to ask him about your

21     rights; is that correct?

22          THE DEFENDANT:  I have, Your Honor.

23          THE COURT:  And are you fully satisfied

24     with Counsel's representation of you?

25          THE DEFENDANT:  Yes, Your Honor.

**\*\*\*\*\*\***

1        THE COURT:  Very well.  Now, you have

2    notified the Court that you wish to enter a plea of

3    guilty of each of these two counts without any plea

4    agreement.  Let me ask whether the Government has

5    in any way used force, threats, intimidation to

6    secure your tender of a guilty plea?

7        THE DEFENDANT:  No, Your Honor.

8        THE COURT:  All right.  And do you have

9    any agreement with the United States, or anyone on

10   behalf of the United States, with respect to your

11   plea of guilty?

12       THE DEFENDANT:  I'm not sure I understand

13   the question.

14       THE COURT:  Well, the question is whether

15   somebody has made a promise to you with respect to

16   the sentence you might receive, anybody on behalf

17   the United States?  If there is any kind of an

18   agreement or offer or anything of that nature that

19   hasn't been disclosed to the Court, I must know

20   about it.

21       THE DEFENDANT:  Yeah.  There hasn't been,

22   Your Honor.

23       THE COURT:  All right.  That's the answer

24   that I was interested in.  Now, you do understand

25   that these are felony crimes, I take it?

1      THE DEFENDANT:  Yes, Your Honor.

2      THE COURT:  And you understand that there

3  are certain consequences to a conviction of felony

4  crimes, in addition to the criminal sanctions

5  involved?

6      THE DEFENDANT:  Yes, Your Honor.

7      THE COURT:  In other words, I'm talking

8  about loss of certain civil rights, such as a right

9  to vote, serve on a jury, possess a firearm, that

10  sort of thing?  You understand that?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  All right.  Now, then, we

13  look to the essential elements of proof here, and

14  by that I mean the minimum elements that are

15  required to be proven by the United States beyond a

16  reasonable doubt in order to convict you of this

17  crime.  And as to Count I, the coercion and

18  enticement count, those essential elements are

19  these:  First of all, that you utilized the mail or

20  any facility or means of interstate or foreign

21  commerce; secondly, to knowingly persuade, induce,

22  entice, or coerce; third, an individual who had not

23  attained the age of 18 and whom the Defendant

24  believed had not attained the age of 18; and

25  fourthly, to engage in sexual activity for which

1    any person can be charged with a criminal offense,

2    or took a substantial step toward doing so.

3            Now, those are the essential elements

4    which must be proven beyond a reasonable doubt by

5    the United States in order to convict you as to

6    Count I.  The proof must be beyond a reasonable

7    doubt.  Do you understand all of that?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  All right.  Then as to Count

10   II, this is the transfer of obscene materials to

11   minors.  In order for you to be found guilty of

12   Count II, the United States must prove these

13   elements beyond a reasonable doubt:  First of all,

14   that you used the mail or any facility of

15   interstate or foreign commerce; secondly, to

16   knowingly -- knowingly transfer obscene material;

17   and thirdly, to an individual who you knew at the

18   time was under the age of 16 years.  That's what

19   the Government has to prove beyond a reasonable

20   doubt to convict you of this crime charged in Count

21   II.  Do you understand that?

22           THE DEFENDANT:  Yes, Your Honor.

23           THE COURT:  With respect to the

24   forfeiture allegation, the Government must prove

25   that certain property or proceeds were used to

1    facilitate the commission of the offenses, that is

2    that are charged in Counts I and II, and here we

3    are talking about a Toshiba notebook computer, the

4    model number and serial numbers of which are set

5    forth in the papers, one, a Toshiba.  Apparently,

6    then, an IBM ThinkPad.  Yes.

7         Now, the Government has to prove that in

8    order to forfeit those materials.  You understand

9    that?

10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  All right.  Then turning to

12   the penalties, as I read the indictment and looked

13   at the statute, Count I carries a mandatory minimum

14   sentence of ten years imprisonment and a maximum

15   term of imprisonment of life, a fine not to exceed

16   $250,000, or both imprisonment and fine.  Count II

17   has no minimum that is manditory, but does carry a

18   maximum term of ten years incarceration and a fine

19   of not to exceed $250,000.  Count I, I take it, is

20   a Class B felony.  Count II is a Class C felony.

21        As to supervised release, there is a

22   mandatory minimum term of five years, as to Count

23   I, and a maximum of lifetime supervision, but no

24   minimum as to Count II, and a maximum term of three

25   years.  I'm talking about supervised release

1     following a term of incarceration.  Do you

2     understand that?

3             THE DEFENDANT:  Yes, Your Honor.

4             THE COURT:  All right.  And is that what

5     you have been advised by Counsel that are the

6     maximum and minimum penalties here?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  All right.  Then, I want to

9     say a few words about supervised release.  It is,

10    of course, supervision while on release status.

11    The period occurs, of course, after release from

12    incarceration.  The conditions of that supervised

13    release are imposed by the Court as part of the

14    sentencing judgment.  And I think the significant

15    thing about that is that in the event of a

16    violation of those conditions, you may again be

17    incarcerated and for the term of supervised release

18    or even longer, depending on a number of factors.

19    But if you violate a term, you may go back to

20    prison again, and that prison term is cumulative to

21    and in addition to the other terms that we are

22    talking about.  Do you understand that?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  All right.  Then, with

25    respect to the Sentencing Guidelines, I gather that

1          Mr. Donahoe has discussed these with you and

2     explained to you that the Sentencing Guidelines

3     have been created to help judges impose reasonable

4     sentences in cases such as yours.  They do not

5     impact the mandatory minimum sentence required by

6     Congress, of course.  But beyond that, they are

7     advisory only, and the Court's obligation is to

8     impose a reasonable sentence under the law and the

9     sentencing factors specifically set forth in

10    Section 3553.  The guideline range under the

11    Guidelines will be computed in your case.  We won't

12    know what that guideline range is until after the

13    investigation by the United States Probation Office

14    and preparation of a presentence report which sets

15    forth those findings.

16          Now, even after the guideline

17    determination -- of course, as I indicated in the

18    first instance, the Court views that as advisory

19    only, and there may be a departure from that

20    guideline or the imposition of a different sentence

21    by the Court, either upward or downward from the

22    guideline sentence recommended by the advisory

23    Guidelines.  You understand that.

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  There may be an appeal by

*****

1      either party of a Guideline sentence, but important

2      to be known by you is that in dealing with the

3      sentence, since enactment of the Guidelines, parole

4      has been abolished and whatever sentence that is

5      imposed by the Court you will very likely be

6      required to serve, less good time.  Do you

7      understand that?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Because there is no longer

10     any administrative early release that can

11     reasonably be anticipated by you.  You understand

12     that?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  All right.  Then, I think we

15     are ready for the factual basis.  Will you address

16     that, Ms. Stewart, and tell us what would your

17     evidence be in this case if we brought a jury in

18     and proceeded with trial?

19             MS. STEWART:  Your Honor, the Government

20     would prove, if this case went to trial, that Mr.

21     Dietz was 36 years old when he met a 13-year-old

22     girl at a Narcotics Anonymous meeting in Helena,

23     Montana.  Mr. Dietz then searched out the girl's

24     MySpace account and requested that he be placed on

25     her friends list, which she did.  Mr. Dietz then

1    began e-mailing and chatting with the girl by

2    computer and by the Internet, making comments on

3    how cute the girl was and how he wished he was 13

4    years old again and how he could get in trouble for

5    doing something with a 13-year-old girl.

6              His conversations with her turned sexual,

7    and he sent a picture of his erect penis telling

8    her to be sure to erase the picture and their chats

9    off her computer so no one would see.  He used a

10   computer and a cellphone to entice that girl into

11   sexual activity, and they had sexual intercourse

12   several times in Helena, in the state and district

13   of Montana, when she was incapable of giving

14   consent due to her age.  Mr. Dietz's actions

15   violated Montana Code Annotated Section 45-5-503,

16   sexual intercourse without consent.  Mr. Dietz used

17   the items listed in the forfeiture count, which are

18   two notebook computers, during the commission of

19   the offenses as listed in Counts I and II of the

20   indictment.

21             THE COURT:  Do you agree, Mr. Dietz, with

22   the prosecution's summary?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  You actually did those

25   things.  I could ask you to tell me in your own

1      words what you did, but this has been a fairly

2      concise summary.  You are telling the Court that

3      you did commit those acts?

4              THE DEFENDANT:  Other than searching out

5      her MySpace account, yes.  That's not true.  It was

6      given to me by her, but the rest is true, yes.

7              THE COURT:  I see.  So she volunteered

8      her MySpace account to you?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  All right.  You don't think

11     that justified your conduct, do you?

12             THE DEFENDANT:  No, Your Honor.

13             THE COURT:  No.  All right.  Let me tell

14     you about your rights, then, Mr. Dietz.  You have

15     the right to persist in a plea of not guilty and to

16     be tried before a jury on the charges against you.

17     During that trial, you will be presumed to be

18     innocent.  You are guaranteed the assistance of

19     counsel during that trial.  You are guaranteed the

20     right to confront your accusers, that is to see and

21     to hear the witnesses who appear and testify

22     against you at that trial and to cross-examine

23     those witnesses.

24             You have the right during that trial to

25     testify or to decline to do so, because the Court

1          finds that you are a competent individual and able

2          to exercise those rights.  However, you also have a

3          privilege against self-incrimination, which means

4          that you need not in any way testify or admit your

5          guilt during that trial.  And, of course, if you do

6          not testify, that fact will not be held against you

7          as an inference of your guilt by the jury.  You

8          also have the right to subpoena witnesses.  And

9          there may be other miscellaneous rights, but all of

10         these rights will be waived by you by entry of a

11         guilty plea to the charges.

12              Now, first of all, do you understand you

13         do have these rights?  Secondly, do you understand

14         that you will waive these rights by entering a

15         guilty plea?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  All right.  Then, Mr. Dietz,

18         do you still want to plead guilty?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Very well.  The Court then

21         finds that the Defendant, first of all, is

22         competent and capable of entering an informed plea.

23         He does understand the nature of the charges

24         against him in both Counts I and II, also the

25         penalties in connection therewith.

1           The Court finds that the tendered pleas

2     of guilty are free and voluntary; further, that

3     they are supported by a factual basis as to each

4     essential element of each charged crime.

5     Therefore, Mr. Dietz, calling on you, then, to

6     plead to Count I of the indictment, what is your

7     plea?

8           THE DEFENDANT:  Not guilty, Your Honor --

9     or sorry, guilty.

10           THE COURT:  We better try that again.

11     You better think that over if you --

12           THE DEFENDANT:  I'm sorry.  Guilty.

13           THE COURT:  Your plea is guilty?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  All right.  Do you have

16     anything to say about that, Mr. Donahoe?

17           MR. DONAHOE:  I do not, Your Honor.  I

18     believe it was a slip of the tongue.

19           THE COURT:  Very well.  What is your

20     plea, then, to Count II?

21           THE DEFENDANT:  Guilty, Your Honor.

22           THE COURT:  Guilty to both counts.  And

23     your plea as to the use of the computer, you can

24     plead true or not true to that charge.

25           THE DEFENDANT:  True.

******

```
 1            THE COURT:  You did use the computers?
 2            THE DEFENDANT:  Yes, Your Honor.
 3            THE COURT:  Very well.  The Court, then,
 4       accepts those pleas subject to receipt of the
 5       presentence report, which the Court will order
 6       forthwith, and the Court sets down sentencing for
 7       August 29 at 9:30 a.m. this year in this courtroom.
 8            Now, have we covered everything, Ms.
 9       Stewart?
10            MS. STEWART:  I believe so, yes, Your
11       Honor.
12            THE COURT:  Nothing further from the
13       Government?
14            MS. STEWART:  No, Your Honor.  Thank
15       you.
16            THE COURT:  Mr. Donahoe, anything further
17       from the Defendant?
18            MR. DONAHOE:  No, Your Honor.
19            THE COURT:  Very well.  We'll see you,
20       then, Mr. Dietz on August 29 for sentencing, the
21       Good Lord willing.  And in the meantime, the
22       probation office will be working on a presentence
23       report.  You will have an opportunity to
24       participate in that report by making a statement or
25       whatever.  You can discuss that with your counsel.
```

******

1    I notice that we do have an officer in the

2    courtroom here today.  You could visit with him

3    about that, Mr. Donahoe.  And anything further?

4            MR. DONAHOE:  No, Your Honor.  Thank

5    you.

6            THE COURT:  Very well, then.  At the

7    conclusion of the proceeding the Defendant is

8    remanded to the custody of the marshal.

9            Court is adjourned.

10            THE BAILIFF:  All rise.

11

12            **(Proceedings concluded at 10:30 a.m.)**

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE**

STATE OF MONTANA            }
                            }  ss:
COUNTY OF  BUTTE–SILVER BOW }

I, Julie L. Sampson, Professional Court Reporter, a notary public in and for the aforesaid county and state, do hereby certify that:

I am a duly-appointed, qualified Court Reporter; that I reported all of the foregoing proceedings had in the above-entitled action, and the foregoing transcript contains a full, true, and correct transcript of the said proceedings to the best of my ability.

IN WITNESS WHEREOF, I have hereunto set my hand this 10th day of November, 2008.

_____/s/____Julie Sampson_____
Julie L. Sampson
Court Reporter

_____/s/____Julie Sampson_____
**(SEAL)** Julie L. Sampson
Notary Public for the State of Montana
Residing at Butte, Montana
My Commission Expires July 10, 2010

* * * * * *

*For The Record Reporting Services*
*Julie Sampson - (406) 498-3941*