FILED

JAN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DANIEL DIETZ, <br><br> Defendant - Appellant. | No. 08-30371 <br><br> D.C. No. 6:07-CR-00024-CCL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted December 9, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Daniel Dietz appeals from the 196-month sentence imposed following his guilty-plea conviction for enticement of a minor and transfer of obscene material to a minor.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On August 8, 2007, Dietz was indicted in Montana state court for sexual intercourse without consent and sexual abuse of children.  On November 27, 2007, a Montana state court sentenced Dietz to 50 years for each count, 40 years of each sentence suspended, with both sentences to be served concurrently.

On November 15, 2007, Dietz was indicted in federal court for coercion and enticement, in violation of 18 U.S.C. § 2422(b); transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470; and forfeiture, in violation of 18 U.S.C. § 2253.  He pled guilty to these charges on April 11, 2008.  At sentencing, the district court determined that the sentencing range was 210-262 months.  This determination was based in part on the finding that Dietz had seven criminal history points and a criminal history category of IV.  The court awarded Dietz a 14-month credit "for the use of relevant conduct insofar as the state's sentence [was] concerned," resulting in a sentence of 196 months on his § 2422(b) offense and 120 months on his § 1470 offense.

Dietz argues that the district court erred by assigning three criminal history points for the state court conviction when the conduct underlying that state conviction was part of the instant offense.  This objection was not made properly in the district court.  We review the sentencing determination for plain error.  *U.S. v.*

2

*Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.*

Dietz argues, and the government concedes, that Dietz was found to have seven criminal history points when he should have had four. His criminal history category was thus assessed as IV instead of III, and his sentencing range was declared to be 210 to 262 months, instead of the correct range of 188 to 235 months. Dietz argues that this mistake requires resentencing. The government argues that because Dietz was sentenced to 196 months – a sentence that would fall inside of the correct range of 188 to 235 months – he cannot show prejudice and must be bound by the 196-month sentence.

"The Guidelines determine sentencing ranges by computing an offense level and a criminal history category. Defendants receive criminal history points for certain prior sentences." *U.S. v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009) (internal quotation marks and citations omitted). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct *not part of the instant offense*." *Id.* (citing USSG § 4A1.2(a)(1)) (emphasis in opinion). Under this definition, conduct that was part of the instant offense cannot receive criminal history points. *Id.*

3

Dietz was given three criminal history points for his convictions in Montana state court. Those Montana state court convictions were based on the same conduct for which Dietz was being convicted in federal court, and on the same conduct which supported his five-level sentencing enhancement. Dietz's criminal history points were elevated for conduct that was part of the instant offense. The district court's assignment of three points to Dietz was plain error.

Dietz satisfies the third prong of the plain error test. In *U.S. v. Mejia*, we held that the assignment of one too many criminal history points affects a defendant's substantial rights and is thus plain error. *U.S. v. Mejia*, 559 F.3d 1113 (9th Cir. 2009). The government's argument is identical to one we have already rejected. In *U.S. v. Hammons*, the government argued that "the district court's failure to calculate the appropriate guideline range does not constitute plain error and did not affect substantial rights because the ultimate sentence (ten months) was within the correct guideline range (four to ten months)." *U.S. v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009). Here, as in *Hammons*, the sentencing errors affected substantial rights and constituted plain error. "The incorrect Criminal History Category could easily have . . . led the district court to impose an additional one month of imprisonment." *Id.*

4

Because we agree with Dietz's arguments for resentencing, we do not reach his argument that the district court engaged in impermissible double counting when it imposed a five-level enhancement under USSG Section 4B1.5(b)(1) for a pattern of sexual activity while assessing three criminal history points based on the same conduct.

We VACATE Dietz's sentence and REMAND to the district court for resentencing.  The mandate shall issue forthwith.

**VACATED AND REMANDED.**