# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL DIETZ,<br><br>Defendant. | CR 07-24-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Daniel Dietz (Dietz) has been accused of violating the conditions of his supervised release. Dietz admitted all of the alleged violations, except alleged violation 4. The government failed to satisfy its burden of proof with respect to alleged violation 4. Dietz's supervised release should be revoked. Dietz should be placed in custody for 6 months, with a lifetime of supervised release to follow. Dietz should serve his term of custody at FCI Englewood in Colorado. Dietz's supervised release conditions should be amended to include a condition which prohibits Dietz from having any contact with the victim in the instant offense.

## II. Status

Dietz pleaded guilty to Coercion and Enticement of a Minor, and Transfer of Obscene Material to a Minor on April 11, 2008. (Doc. 24). The Court sentenced Dietz to 196 months of custody, followed by 10 years of supervised release. (Doc. 40). Dietz's current term of supervised release began on October 23, 2020. (Doc. 62 at 1).

**Petition**

The United States Probation Office filed a Petition on October 4, 2021, requesting that the Court revoke Dietz's supervised release. (Doc. 62). The Petition alleged that Dietz had violated the conditions of his supervised release: 1) by failing to provide a truthful response to a question asked by his probation officer on two separate occasions; 2) by knowingly associating with a convicted felon; 3) by having contact with a child under the age of 18 without obtaining the prior approval of his probation officer; 4) by failing to report to his probation officer that he had contact with a child under the age of 18; and 5) by violating the terms of his sex offender treatment program on two occasions.

**Initial appearance**

Dietz appeared before the undersigned for his initial appearance on October 26, 2021. Dietz was represented by counsel. Dietz stated that he had read

the petition and that he understood the allegations. Dietz waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 14, 2021. Dietz admitted that he had violated the conditions of his supervised release: 1) by failing to provide a truthful response to a question asked by his probation officer on two separate occasions; 2) by knowingly associating with a convicted felon; 3) by having contact with a child under the age of 18 without obtaining the prior approval of his probation officer; and 4) by violating the conditions of his sex offender treatment program on two separate occasions. The violations that Dietz admitted are serious and warrant revocation of Dietz's supervised release.

Dietz's violations are Grade C violations. Dietz's criminal history category is IV. Dietz's underlying offenses are Class A and Class C felonies. Dietz could be incarcerated for up to 60 months. Dietz could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Dietz's supervised release should be revoked. Dietz should be placed in

custody for 6 months, with a lifetime of supervised release to follow. Dietz should serve his term of custody at FCI Englewood in Colorado. Dietz's supervised release conditions should be amended to include a condition which prohibits Dietz from having any contact with the victim in the instant offense. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Dietz that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Dietz of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Dietz that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Daniel Dietz violated the conditions of his supervised release: by failing to provide a truthful response to a question asked by his probation officer on two separate occasions; by knowingly associating with a convicted felon; by having contact with a child under the age of 18 without obtaining the prior approval of his probation officer; and by failing to complete his sex offender treatment program on two separate occasions.

The Court **RECOMMENDS:**

> That the District Court revoke Dietz's supervised release and commit Dietz to the custody of the United States Bureau of Prisons for 6 months, with a lifetime of supervised release to follow.

4

Dietz should serve his term of custody at FCI Englewood in Colorado. Dietz's supervised release conditions should be amended to include a condition which prohibits Dietz from having any contact with the victim in the instant offense.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of December, 2021.

John Johnston
United States Magistrate Judge